UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WENDY SMITH,

       Plaintiff,

v.

FORD MOTOR COMPANY,
and UAW LOCAL 897,

       Defendants.

**DECISION AND ORDER**
07-CV-422S

## I. Introduction

In this case, Plaintiff Wendy Smith alleges Defendants Ford Motor Company ("Ford") and UAW Local 897 ("UAW") intentionally discriminated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and New York Human Rights Law. Ford and UAW each move pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint on the ground that Plaintiff did not serve Defendants within 120 days of filing her Complaint, as required under Rule 4(m). UAW also moves to dismiss pursuant to Rule 12(b)(6) on the ground that Plaintiff did not commence this action within the six-month statute of limitations governing a breach of duty of fair representation claim. For the reasons discussed below, Ford's Motion (Docket No. 8) is denied, and UAW's Motion (Docket No. 4) is denied.

---

[1] The Court notes that motions for insufficient service of process are to be brought under Rule 12(b)(5), not 12(b)(6).

1

## II. Background

**A.    Facts**

The following facts, alleged in the Complaint, are assumed true for purposes of the instant motion.  See National City Commercial Capital Co. v. Global Golf Inc., No. 09-CV-0307, 2009 WL 1437620, at *1 (E.D.N.Y. May 20, 2009).  On or about August 7, 1995, Plaintiff began employment with Ford.  (Complaint, Docket No. 1, ¶ 14.)  Plaintiff is a member of UAW Local 897.  (Id. ¶ 34.)

On November 21, 2002, Plaintiff was injured as a result of a workplace accident. (Id. ¶ 15.)  Plaintiff eventually returned to work with medical restrictions on the types of work she could perform.  (Id. ¶ 16.)  Ford gave Plaintiff work that accommodated her restrictions.  Id.  Plaintiff alleges that Ford regarded her as disabled.  (Id. ¶ 17.)

While performing work consistent with her medical restrictions, Plaintiff claims fellow employees and supervisors harassed, taunted, and ridiculed her because of her disability. (Id. ¶¶ 18, 19.)  As required by contract, Plaintiff reported these incidents to her Ford supervisors and to UAW.  (Id. ¶ 20.) Neither Ford nor UAW pursued her complaints.  (Id. ¶ 21.)

On January 25, 2006, Ford terminated Plaintiff's employment.  (Id. ¶ 25.)  Plaintiff contends Ford terminated her employment because of her disability.  (Id. ¶ 26.)  She alleges that Ford still employs individuals with less seniority than herself in the position she held immediately prior to her termination.  (Id. ¶ 23.)

As a member of UAW Local 897, Plaintiff asserts that she is entitled to representation in matters brought by and against Ford.  (Id. ¶ 35.)  Plaintiff requested

representation. (Id. ¶ 36.) However, UAW refused to grieve Plaintiff's allegedly unlawful termination. (Id. ¶ 27.)

**B.    Procedural History**

On July 25, 2006, Plaintiff filed a discrimination charge against Ford and UAW with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 1, Ex. A.)  On March 30, 2007, the EEOC determined it was, "unable to conclude that the information obtained establishes violations of the statutes." (Id., Ex. B.)  On April 2, 2007, Plaintiff received the EEOC's Dismissal and Notice of Rights, directing her to file any lawsuit based on her EEOC charge within 90 days. (Id.)

Plaintiff timely commenced this action by filing a Complaint in the United States District Court for the Western District of New York on June 28, 2007. (Docket No. 1.) The last day on which to timely serve the Summons and Complaint was Friday, October 26, 2007. Defendants were both served on Monday, October 29, 2007. (Docket Nos. 2 and 3.)

On November 16, 2007, UAW filed its Motion to Dismiss (Docket No. 4) and, on December 21, 2007, Ford filed its Motion to Dismiss (Docket No. 8). The motions are fully briefed and the Court has determined that oral argument is unnecessary.

### III.  Discussion

**A.    Motions to Dismiss for Untimely and Insufficient Service of Process**

Both UAW and Ford move to dismiss Plaintiff's Complaint for failure to serve the Summons and Complaint within 120 days of filing. As noted, both Defendants were served on Monday, October 29, 2007, one business day after the 120-day deadline expired.

Rule 4(m) of the Federal Rules of Civil Procedure states:

If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Advisory Committee Notes on the 1993 Amendment to Rule 4 state:

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve the plaintiff of the consequences of an application of this subdivision even if there is not good cause shown.

Courts in this Circuit have since held that "[u]nder Rule 4(m), if plaintiff demonstrates good cause for the failure of timely service, the court *must* extend the time for service. If plaintiff fails to demonstrate good cause, the court *may*, nevertheless, extend the time for service in the exercise of its discretion." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) (citations omitted) (emphasis supplied).

### 1. Plaintiff Has Not Shown Good Cause for the Failure to Effect Service Within 120 Days

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Id. However, "[g]ood cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)(citations omitted).

Plaintiff argues she made reasonable efforts to serve Defendants. Specifically, Plaintiff's counsel attests that, on or about September 2, 2007, he arranged for a process server to serve the Summons and Complaint on Defendants. (Affidavit of Scott W. Kroll, Docket No. 11-2, ¶ 5.) On October 26, 2007, the final day for service, counsel realized that

he had not received affidavits of service and again requested that the Summons and Complaint be served. (Id. ¶ 6.) That day, the process server informed counsel that the documents could not be served because counsel had not forwarded the proper copies. (Id. ¶ 7.) On Monday October 29, 2007, counsel's office located the proper documents and sent them to the process server. (Id. ¶ 9.) The process server served the Summons and Complaint on Defendants the same day. (Id. ¶ 11.)

"It is well settled that an attorney's inadvertence, neglect, mistake or misplaced reliance does not suffice to establish good cause for failure to make proper service within 120 days." Mused v. U.S. Dep't of Agriculture Food and Nutrition Service, 169 F.R.D. 28, 32 (W.D.N.Y. 1996). Furthermore, "plaintiffs always retain the obligation to provide the process server with the necessary information and to generally make diligent efforts." Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007).

Plaintiff also contends that she failed to serve process in a timely manner because of ongoing negotiations with Ford's counsel. Plaintiff's counsel avers that, during the summer of 2007, he had two conversations with Ford's counsel regarding the possibility of settling these claims and thereafter sought to effect service. (Kroll Aff., ¶¶ 4-5.) However, Plaintiff's counsel provides no explanation for why—after negotiations ended and he requested service—he waited until the last day of the service period, almost two months later, to follow up. The Court notes that when it became apparent service would not occur, counsel did not move for an extension of time to serve the Complaint.

The delay in service clearly was not the result of circumstances beyond Plaintiff's control. Because Plaintiff has not shown that reasonable efforts were made to timely serve

Defendants before the 120-day deadline expired, a good cause extension is not mandated here.

## 2. This Court Will Exercise its Discretion to Extend the Time for Service

"Even though an extension of time to effect service is not mandatory under Rule 4(m) in this case because plaintiff has failed to show good cause, the Court may, in its discretion, still extend the deadline rather than dismiss the case for improper service." Mused, 169 F.R.D. at 34. "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir, 234 F.R.D at 58 (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 at 2).

The first factor weighs in favor of granting Plaintiff an extension. Plaintiff received her EEOC Notice of Suit Rights on April 2, 2007. The 90-day period for filing is now expired. "Courts have consistently considered the fact that the statute of limitations has run on plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis. Indeed, this factor alone may be sufficient to justify extending the time for service." Beauvoir, 234 at 58 (citations omitted). While this Court does not consider the factor dispositive, it does weigh in Plaintiff's favor.

The second factor also weighs in Plaintiff's favor. Because the claims against Ford and UAW were previously alleged in the EEOC charge, Ford and UAW had actual notice

of the factual and legal basis for the claims now set forth in the Complaint. Thus, I find Ford's argument that it did not have actual notice of the lawsuit unavailing here.

The third factor weighs in Defendants' favor because there is no indication that either of them attempted to avoid service or conceal a defect in service.

Finally, the fourth factor weighs in Plaintiff's favor because neither Defendant has stated that it will be prejudiced by the one-business-day delay. Although Ford states "[i]t is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action . . . " (Docket No. 13 at 5, citing Zapta v. City of New York, 502 F.3d 192, 198 (2d Cir. 2007)), it proceeds to argue that "lack of prejudice to the defendant is not dispositive when there are factors supporting dismissal." (Docket No. 13 at 5.) So, Ford apparently concedes that a one-day extension is not sufficiently "generous" to impute prejudice to it. Furthermore, Ford's cited cases, where discretionary extensions were denied, are readily distinguished from the circumstances here. In each case, service was either never effected or occurred months late, and the plaintiffs did not offer any cognizable excuse for their failures. See Zapta, 502 F.3d at 199 (affirming district court's decision not to grant an extension where plaintiff made no effort to effect timely service, neglected to ask for an extension within a reasonable period of time, and offered a justification for his failure that was flatly contradicted by the record); Lab Crafters, 233 F.R.D. 282, 284-85 (E.D.N.Y. 2005) (finding no good cause and declining to even conduct a discretionary analysis because plaintiff effected service almost two months late and was clearly in violation of Rule 4(m)); Mused, 169 F.R.D. at 35 (finding that actual notice to defendant and lack of prejudice did not warrant a discretionary extension where plaintiff made no effort to effect timely service, and attempted service only after case sat

dormant for a year and the court issued order to show cause); McCurdy v. American Board of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (affirming district court's decision not to grant discretionary extension where plaintiff's first attempt at service was untimely and ineffective, second attempt was four months late, and he offered no excuse for the delay).

In this case, the 90-day statute of limitations would bar a refiled action, the Defendants had prior notice of the claims, and Defendants will not be prejudiced by a one-business-day delay. This Court also takes into account Plaintiff's counsel's effort, albeit last minute, to effect service within the 120-day period, and the completion of service just one business day late. While counsel's reasons for untimely service fall short of good cause, they suffice as an offer of some cognizable excuse for the delay. Accordingly, this Court will exercise its discretion and extend the time for service to October 29, 2007.

**B.     UAW's Motion to Dismiss for Failure to File within the Applicable Statute of Limitations**

UAW also moves to dismiss the Complaint for failure to commence this action within the applicable statute of limitations. Plaintiff commenced this action under the ADA and New York Human Rights Law. However, UAW urges this Court to construe Plaintiff's claim as one for breach of the duty of fair representation, rather than one alleging a violation of the ADA, and to dismiss the claim as untimely. A breach of the duty of fair representation claim is subject to a six-month statute of limitations measured from the date of the alleged violation. UAW contends that even under the most generous calculation possible, the six-month limitations period expired long before Plaintiff filed her Complaint.

UAW's argument suggests that there can be no overlap between anti-discrimination statutes and the Labor Management Relations Act. However, courts in this circuit have repeatedly held that a union's breach of its duty of fair representation may render it liable

for discrimination. "The duty of fair representation and [the discrimination statutes] plainly overlap in that they both prohibit discrimination; indeed, some courts essentially equate the two. Consequently, where a plaintiff claims that a union violated [a discrimination statute] based on its failure to represent a member, courts in this Circuit generally incorporate the duty of fair representation as one of the elements of the alleged [ ] violation. Based on the forgoing, the Court concludes that a union violates [the statute] when it breaches its duty of fair representation because of [a plaintiff's protected status]." Agosto v. Correctional Officers Benevolent Ass'n, 107 F. Supp. 2d 294, 304 (S.D.N.Y. 1995), *aff'd*, 100 F.3d 944 (2d Cir. 1996), *cert. denied*, 519 U.S. 835, 117 S.Ct. 108, 136 L.Ed.2d 61 (1996) (collecting Title VII cases). As to such claims, the statute of limitations under . . . the ADA—not the six-month statue of limitations for breach of duty of fair representation—controls." Nweke v. The Prudential Insurance Company of America, 25 F. Supp. 2d 203, 219 (S.D.N.Y. 1998) (plaintiff alleged claims under Title VII, 42 U.S.C. § 1981 and ADA); see also, Blazin v. Clador Store #38 and Local 888, UFCW, AFL-CIO, 1998 WL 420775 (S.D.N.Y. 1998).

Here, Plaintiff expressly brings her claims under the ADA and New York Human Rights Law alleging discrimination based on disability. (Complaint, ¶ 1.) She alleges that the UAW failed to act on her complaints of harassment and declined to grieve her termination. (Id. ¶¶ 19-21, 24, 36-37.) UAW's purported motive is disability discrimination. (Id. ¶ 1.) Based on these allegations, Plaintiff sufficiently alerted UAW to the "grounds of [her] entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Moreover, the Complaint pleads enough facts to be plausible on its face, Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Twombly, 550 U.S. at 570), and it does not appear "beyond doubt" that Plaintiff can prove

9

no facts that would entitle her to relief under the ADA. Allen v. West Point-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (citation omitted). Plaintiff's intent to assert an ADA claim against UAW is further evidenced by the UAW having been named both in the administrative charge and a notice of right to sue. Accordingly, this court declines to ignore Plaintiff's asserted statutory basis for relief in favor of UAW's construction.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' Motions to Dismiss are denied in their entirety.

## V.  ORDERS

IT HEREBY IS ORDERED that Defendant UAW's Motion to Dismiss (Docket No. 4) is DENIED, and Defendant Ford's Motion to Dismiss (Docket No. 8) is DENIED.

SO ORDERED.

Dated: August 4, 2009
      Buffalo, New York

                                    /s/William M. Skretny
                                    William M. Skretny
                                  United States District Judge